NATHAN EMERSON *vs.* AMOS R. BOYNTON.

One party to an action may introduce evidence that the other, at the time of an offer of compromise, threatened to expose him if he did not settle the suit.

ACTION OF CONTRACT on a promissory note, the making of which the defendant admitted, but filed an account in set-off.

At the trial in the court of common pleas, the plaintiff being a witness, his counsel, disclaiming any inquiry as to any statement made in reference to a compromise, asked him if the defendant ever said anything to him about a settlement. *Morris*, J., ruled that any such statement would be inadmissible, but allowed the question to be put as to other statements; and the plaintiff testified that " the defendant threatened him if he did not settle the suit, he would carry it to court and show the plaintiff up that he had a bad disorder." Upon cross-examination he testified that during the same conversation, the defendant made him an offer of settlement, which the plaintiff rejected. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. S. Gardner*, for the defendant, cited *Harrington* v. *Lincoln*, 4 Gray, 563; *Dickinson* v. *Dickinson*, 9 Met. 471; *Marsh* v. *Gold*, 2 Pick. 284.

*D. S. Richardson*, for the plaintiff.

BY THE COURT. The rule excluding evidence of any offer of compromise of a claim or suit is confined strictly to evidence of an offer to pay money or otherwise adjust the suit by way of accord and satisfaction; but does not extend so far as to exclude independent facts admitted by a party during a conversation concerning such compromise. *Marsh* v. *Gold*, 2 Pick. 284. The evidence of the defendant's statements in the present case clearly falls within the latter class, and the rule of law was correctly applied by the court. *Exceptions overruled.*